**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03316-GPG

JACQUES FREEMAN,

    Plaintiff,

v.

WALGREENS,
MARIEL RODRIQUEZ, Walgreens Employee,
TY CHURCH, Walgreens Employee, and
DEE GILLET, District 5 Police Department,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

    Plaintiff Jacques Freeman currently resides in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint. The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

    The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Plaintiff's Complaint is rambling, repetitive, and in part unintelligible.  Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief and to identify how all named defendants are responsible for violating his constitutional rights.  The Court, therefore, will direct Plaintiff to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Plaintiff is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Plaintiff also is reminded that he must name the proper parties who are responsible for violating rights and assert each defendant's personal participation in the alleged violations.  Personal participation is an essential allegation in a civil rights action.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish

personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff also fails to allege facts that might state a cognizable claim under 42 U.S.C. § 1983 with respect to Defendants Walgreens, Mariel Rodriquez, and Ty Church. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, the only proper defendants in a § 1983 action are those who " 'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.' " *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Plaintiff further is instructed that to state a claim in federal court he must explain what each defendant did to him; when the defendant did it; how the defendant's action

harmed him; and, what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Plaintiff must provide addresses for each named defendant for purposes of service. Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint as instructed above, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action the Court will proceed to address the merits of the original Complaint.

DATED February 4, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge